UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kenneth Hannibal Hart, Sr.

    v.                            Case No. 20-cv-778-SM

Three Unnamed New York City
Police Officers, et al.

**REPORT AND RECOMMENDATION**

Before the court is the complaint (doc. no. 1) and amended complaint (Doc. No. 4)[1] filed by pro se and in forma pauperis plaintiff Kenneth Hannibal Hart, Sr. The complaint is before this magistrate judge for preliminary review under LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).

**Preliminary Review Standard**

The magistrate judge conducts a preliminary review of pleadings, like Hart's, that are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court

---

[1] The amended complaint added additional defendants, rather than claims. The court considers both documents in its preliminary review.

construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

Invoking both diversity and federal question jurisdiction, 28 U.S.C. §§ 1331, 1332, plaintiff Kenneth Hannibal Hart, Sr. sued several New York City Police Officers, the City's Police Department and Police Commissioner, the Mayor of New York City and the Governor of New York State.[2]  Plaintiff claims that the defendant police officers stole certain money from him, and the remaining defendants inadequately trained those officers, and then failed to investigate or prosecute them.

## Venue

Venue is appropriate in the judicial district where all of the defendants reside, or where a substantial part of the events giving rise to the plaintiff's claims occurred. 28 U.S.C. §

---

[2] On March 24, 2021, the court granted plaintiff's motion to dismiss multiple defendants and add two additional defendants, leaving the defendants described above in the case.  (Doc. No. 6).

1391(b).  Where the defense of improper venue is "obvious from the face of the complaint and no further factual record is required to be developed, the court may, sua sponte, dismiss the case."  Hart v. United States Dep't of the Treasury, No. 14-cv-421-LM, 2016 U.S. Dist. Lexis 25871, at *3-4, 2016 WL 825739, at *2 (D.N.H. Jan. 11, 2016) rept. & rec. adopted, 2016 U.S. Dist. Lexis 25876, 2016 WL 865224 (D.N.H. Mar. 2, 2016) (internal quotation marks omitted) (citing Cox v. Rushie, No. CA 13-11308-PBS, 2013 U.S. Dist. LEXIS 86794 at *14, 2013 WL 3197655 at *4 (D. Mass. June 18, 2013) (quoting Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006))); see also Wilkinson v. Sec'y, Fla. Dep't of Corrs., No. 14-11239, 2015 U.S. App. LEXIS 12160 at *4-*5, 2015 WL 4269267 at *2 (11th Cir. July 15, 2015) (court may dismiss a matter, sua sponte, for defective venue, pursuant to 28 U.S.C. § 1915, after providing plaintiff with opportunity to object).

   Here, the complaint indicates that all defendants are located in New York, that the acts plaintiff complains of took place in New York, and that plaintiff is seeking to have New York officials correct certain court and criminal records.  Accordingly, venue is not proper in this court.  The case should be dismissed, without prejudice to plaintiff filing it in an appropriate court.

## **Conclusion**

For the foregoing reasons, the district judge should dismiss the complaint because venue over Hart's claims is not proper in this court. Such dismissal should be without prejudice to plaintiff re-filing it in a court of proper venue. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

cc:  Kenneth H. Hart, Sr., pro se